# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS E. FANADY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL S. EVANS, Warden<br><br>　　　　　Respondent. | 1:08-cv-00963-OWW-DLB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND DENYING APPLICATION FOR IN FORMA PAUPERIS STATUS AS MOOT<br><br>[Docs. 20, 21] |

　　　　Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Philip M. Brooks, Esq.

　　　　On July 9, 2008, Phillip Morgan Brooks, Esquire, filed the instant petition for writ of habeas corpus on behalf of Petitioner and paid the five dollar filing fee. (Court Doc. 1.) Pursuant to this Court's order of July 18, 2008, Respondent filed an answer to the petition on September 19, 2008, and Petitioner filed a traverse on October 15, 2008. (Court Docs. 16, 19.) On this same date, Petitioner filed a motion to appoint counsel and motion to proceed in forma pauperis. (Court Docs. 20, 21.)

　　　　Mr. Brooks submitted an application for appointment of himself as counsel for Petitioner. Mr. Brooks contends that Petitioner's indigence entitles him to appointment of private counsel pursuant to 18 U.S.C. § 3006A. Further, because Petitioner is inexperienced in the law and unable to understand the complex issues of the case, he is in need of counsel.

　　　　Mr. Brooks makes specific reference to the fact that the appointment of counsel may be made retroactive to include any representation furnished prior to the actual appointment. Thus,

he requests that the Court not only appoint him counsel for Petitioner, but that the Court make the appointment retroactive to allow him to obtain attorney fees for the work completed prior to his actual appearance. Pursuant to Local Rule 83-182(a), "No attorney may participate in any proceedings in an action unless the attorney has entered an appearance as attorney of record. The signing of a pleading or motion by an attorney constitutes an appearance by that attorney as an attorney of record in the action." Because Mr. Brooks signed the petition, he is attorney of record in this action. Thus, there is no need for this Court to appoint his counsel in this case, but for purposes of him obtaining attorney's fees.

The Court finds that in this instance the granting of attorneys fees must be denied. Mr. Brooks is correct that 18 U.S.C. § 3006A authorizes the Court to appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. However, there exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir. 1984), cert. denied, 469 U.S. 823 (1984).

Mr. Brooks' arguments that counsel should be appointed in this case due to its complexity are well taken. However, Mr. Brooks is already Petitioner's counsel in this case and the Court need not review the complexity of the case further. Mr. Brooks cannot seek to be awarded fees in this action merely because he has represented Petitioner in the past. If this Court were to find that the case warranted counsel due to its complexity, the Court would appoint court-appointed counsel, not private counsel. Accordingly, the Court finds no basis to award attorney's fees to Mr. Brooks in this action and his request is therefore DENIED.

With regard to Petitioner's motion to proceed in forma pauperis, because Petitioner paid the filing fee for this action on July 10, 2008, and in forma pauperis status is therefore unnecessary and is denied as MOOT.

IT IS SO ORDERED.

Dated:   **October 28, 2008**         **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE